IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY POLLITT,

    Plaintiff,

vs.                                              No. 12-cv-0674 SMV/RHS

UNITED AIRLINES CORP.,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment and Supporting Memorandum [Doc. 9] ("Motion"), filed on July 24, 2012, and on Plaintiff's Motion of Response [sic] [Doc. 11], filed on July 25, 2012. I find that the Motion is well-taken and should be granted. I conclude that this action should be dismissed because it is barred by claim preclusion and because it fails to state a claim for which relief can be granted.

"Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). Plaintiff filed a lawsuit identical to the instant suit on August 16, 2011. *See Jeremy Pollitt v. United Airlines Corp.*, No. 11-cv-0723 DJS/KBM. The case was assigned to the Honorable Judge Don J. Svet, United States Magistrate Judge, who presided by consent. It appears uncontested that in the earlier suit before Judge Svet, Plaintiff alleged that he was a former employee of Defendant who had been terminated from employment on June 16, 2009. Defendant filed a Motion to Dismiss on September 2, 2011.

No. 11-cv-0723, [Doc. 6].  Plaintiff did not respond, which constituted his consent to grant the motion.  *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  Despite Plaintiff's failure to respond, Judge Svet reviewed the case on its merits, granted the motion to dismiss, and entered final judgment in favor of Defendant on November 18, 2011.  No. 11-cv-0723, [Doc. 24].  Plaintiff did not appeal that decision.

Plaintiff filed a second lawsuit against Defendant on March 9, 2012.  *See Jeremy Gene Pollitt v. United Airlines Corp.*, No. 12-cv-0248 RHS/WDS, [Doc. 1].  Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  *Id*. at [Doc. 7].  The Honorable Robert Hayes Scott, United States Magistrate Judge, presiding by consent, found that the second suit was identical with the first suit, granted the motion, and dismissed the case on two grounds: claim preclusion and failure to state a claim.  *Id.* at [Doc. 17].  Judgment was entered in favor of Defendant on April 30, 2012. *Id*. at [Doc. 18].  Again, Plaintiff did not appeal.

Plaintiff filed this third action on June 22, 2012.  [Doc. 1].  Even though this is Plaintiff's third attempt at fashioning a cause of action against the Defendant, the Complaint is unintelligible.  It consists of incomprehensible phrases that do not create understandable sentences, let alone refer to any factual data that could be liberally construed to state a claim for relief in any court of law.  While Plaintiff is entitled to liberal treatment of his pleadings, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), the Court cannot serve as his advocate, *see Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).  I find, therefore, that the Complaint fails to state a claim upon which relief may be granted.

While it is impossible to glean a cause of action from the text of Plaintiff's Complaint, it appears from the records he attaches to the Complaint that the instant Complaint arises from the same transactions or events that agave rise to his first two actions.  Therefore, to the extent that Plaintiff's Complaint does state a claim, I find that such claim is res judicata because it was adjudicated in his previous lawsuits and dismissed with prejudice.  *See* No. 11-cv-0273, [Doc. 24]; No. 12-cv-0248, [Doc. 18].

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss [Doc. 9]. Additionally, the following pending motions are denied as moot:  Plaintiff's Motion for Trial [Doc. 12]; Plaintiff's Motion for Settlement Conference [Doc. 13]; Plaintiff's Motion of Briefing Complete [sic] [Doc. 19]; Plaintiff's Motion of Response [sic] [Doc. 20]; Plaintiff's Motion for Hearing [Doc. 22]; and Plaintiff's Motion of Response [Doc. 26].

I will also deny Defendant's Motion for Rule 11 Sanctions [Doc. 24].  However, the Plaintiff is hereby placed on notice that the filing of any further frivolous pleadings relating to the matters that have been adjudicated in these three federal lawsuits (Nos. 11-cv-0273, 12-cv-0248, and 12-cv-0674) will most likely result in sanctions, including monetary sanctions and the imposition of filing restrictions.

**NOW, THEREFORE,**

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Dismiss [Doc. 9] is hereby **GRANTED,** and this action is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the following pending motions are **DENIED** as moot:  Plaintiff's Motion for Trial [Doc. 12]; Plaintiff's Motion for Settlement Conference [Doc. 13]; Plaintiff's Motion of Briefing Complete [sic] [Doc. 19]; Plaintiff's Motion of

Response [sic] [Doc. 20]; Plaintiff's Motion for Hearing [Doc. 22]; and Plaintiff's Motion of Response [Doc. 26].

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions [Doc. 24] is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**